(No. 79-CC-0597—)

PATTI LYNN KEATING, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 30, 1979.*

*Order on motion to vacate filed July 21, 1980.*

*Order on motion to vacate filed October 6, 1980.*

JOHN P. COGHLAN & ASSOCIATES, P. C., for Claimant.

HOLDERMAN, J.

This matter comes for the Court on a motion of Respondent to dismiss said cause and objection to said motion filed by Claimant.

Claimant, a young woman, was formerly a patient at the Illinois Braille and Sightsaving School in Jacksonville, Illinois, and was also a patient at the Infirmary of the Illinois School for the Deaf in Jacksonville.

Claimant was born on March 25, 1959, and her notice of intent to sue the State was filed on March 13, 1979, and her complaint was filed March 15, 1979.

In its motion to dismiss, Respondent sets forth that this suit was not filed in apt time and cites section 22 of the Illinois Court of Claims Act. Ill. Rev. Stat. 1977, ch. 37, par. 439.22.

Claimant has had trouble with her vision for several years. The Claimant's reply to Respondent's response sets forth that Claimant had been hospitalized on three separate occasions for in-patient psychiatric treatment for a depressive condition caused by a detached retina and surgical enucleation of the left eye. Said reply also sets forth that Claimant has been under the disability of epilepsy and that on October 14, 1976, she was admitted to the University of Illinois Hospital in Chicago, Illinois. Claimant's reply further alleges that an agent of the Respondent inserted, or caused to be inserted, a report in Claimant's medical records at the Illinois School of the Deaf Infirmary at Jacksonville, Illinois, purporting to show the results of an eye examination at the Illinois

School for the Deaf Infirmary on October 15, 1974, when in fact said examination never took place and is a statement of a falsehood designed to conceal the misdiagnosis and liability of the agent of the Respondent. Claimant's reply further alleges that the Claimant was never informed by any agent of the Respondent of the false and misleading nature of the alleged report of October 15, 1974, and it was not until October 14, 1978, that Claimant's attorneys discovered the true nature of said report and informed Claimant of the parties responsible for Claimant's injuries.

Respondent relies upon section 22 of the Court of Claims Act which enumerates certain disabilities and states "and persons under other disability at the time the claim accrues."

It is the opinion of this Court that the question of disability raised by Claimant's pleadings are sufficient to sustain the position of Claimant, subject to confirming proof at the time of the hearing that she was suffering from disability that would place her under exemption of the statute of limitations.

It is hereby ordered:

That Respondent's motion to dismiss be, and the same is, denied, and this cause is ordered to a hearing.

## ORDER ON MOTION TO VACATE

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to vacate an order heretofore entered by this Court denying Respondent's motion to dismiss, and Claimant's reply to Respondent's motion to vacate.

The Court, in its ruling denying motion to dismiss, stated that the copy of the contract was not legible.

Respondent attached to its motion to vacate a legible copy of said contract.

Paragraph 5 of said contract states as follows:

"It is agreed that by the terms of this agreement the Contractor is not an employee of the Department or the State of Illinois and is not entitled to payment for vacation, sick time, holidays or other benefits provided employees under the Personnel Code and regulations or other laws of the State of Illinois. Contractor shall be responsible for accounting for and reporting State and Federal Income Tax and Social Security taxes if applicble."

Claimant's brief and reply to motion to vacate are to the effect that the doctors in question were employees of the State and alleged that the fact that they were supervised makes them employees rather than independent contractors.

It is the opinion of this Court that a contract entered into between the doctors and the State expressly states, as shown by the above paragraph, that they were not considered employees of the State but were independent contractors.

It is hereby ordered:

That Respondent's motion to vacate be, and the same is, granted, motion to dismiss be, and the same is, granted, and this cause is dismissed.

## ORDER ON MOTION TO VACATE

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant to vacate the Court's order of dismissal, and Respondent's objection to said motion to vacate.

It is hereby ordered:

That Claimant's motion to vacate order of dismissal be, and the same is, denied, and this cause is dismissed.